**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**ALFRED LEE MAULDIN**                                      **PETITIONER**
**Reg #14877-075**

**vs.**                          **CASE NO.: 2:10-cv-00136-BSM-BD**

**T.C. OUTLAW, Warden**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following recommended disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of this Recommended Disposition.  A copy will be furnished to

the opposing party.  Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

II.      **Introduction**

In November, 1995, a jury in the Middle District of Tennessee convicted Petitioner

Alfred Lee Mauldin of various federal criminal offenses.  *Mauldin v. U.S.*, 2008 WL

821523 at *1 (M.D. Tenn. 2008).  He was sentenced to a total of 322 months'

incarceration in the United States Bureau of Prisons ("BOP").  *Id*. at *1.  The Sixth

Circuit Court of Appeals affirmed the conviction and sentence on direct appeal.  *U.S. v.*

*Mauldin*, 109 F. 3d 1159 (6th Cir. 1997).  Petitioner is currently serving his sentence at

the Federal Correctional Complex ("FCC"), Forrest City, Arkansas.

On September 10, 2010, Petitioner filed the instant petition for writ of habeas

corpus under 28 U.S.C. § 2241.  For the reasons that follow, the Court recommends that

the District Court summarily dismiss the petition without prejudice for lack of

jurisdiction.

III.     **Prior Petitions**

On February 6, 2002, Petitioner brought a habeas petition, under 28 U.S.C. § 2241,

in the United States District Court for the District of Columbia.  *Mauldin v. Bureau of*

*Prisons*, No. 1:02cv232 (D.C. Feb. 6, 2002).  On April 12, 2002 the district court

transferred the case to the United States District Court for the Eastern District of North

Carolina, where the Petitioner was incarcerated.  After reviewing the petition and other

documents filed by the Petitioner, the district court dismissed the petition as frivolous.

*Mauldin v. Federal Bureau of Prisons*, No. 5:02-HC-336-H (E.D. N.C. July 5, 2002).

Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals which affirmed in an unpublished, *per curiam* order. *Mauldin v. Federal Bureau of Prisons*, No. 02-7230, (4th Cir. 2003).

On March 27, 2002, Petitioner filed a petition under 28 U.S.C. § 2241 in the Eastern District of North Carolina. The Court found that the petitioner raised issues attacking the legality of his sentence and that it should have been brought under 28 U.S.C. § 2255. The court denied the petition because the petitioner had not established that relief under § 2255 was inadequate. The Fourth Circuit affirmed in an unpublished, *per curiam* order. *Mauldin v. U.S.*, No. 02-6725, 2002 WL 31141347, *1 (4th Cir. Sept. 27, 2002).

On February 21, 2006, Petitioner filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. Petitioner claimed he was being unlawfully detained due to "factual inaccuracies" contained in his pre-sentence report. See *Mauldin v. Stansberry*, No. 5:06-hc-02023-D, 2007 WL 2904147 at *1 (E.D.N.C. filed Feb. 1, 2007; entered Feb. 2, 2007). The district court noted that the Petitioner had unsuccessfully raised the same issues in a petition under 28 U.S.C. § 2255, and that the Sixth Circuit had denied his request for leave to file a successive petition. *Id*. The district court dismissed the petition because the Petitioner did not establish that § 2255 was an inadequate or ineffective remedy.  *Id*. Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals which affirmed. *Mauldin v. Johns* No. 07-6199, 234 Fed.Appx. 122, 2007 WL 2088883, *1 (4th Cir. 2007)

3

On January 3, 2007, Petitioner again filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina.  The district court found that the Petitioner was claiming unconstitutional conditions of confinement and dismissed the petition so he could re-file it as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  See *Mauldin v. Stansberry*, No. 5:07-hc-02002 (E.D.N.C. Apr. 5, 2007).  Petitioner appealed the district court's dismissal, and the Fourth Circuit affirmed, finding no reversible error, but the Court of Appeals modified the district court's order to reflect that the dismissal was without prejudice. *Mauldin v. Stansberry* No. 07-6643, 242 Fed.Appx. 31, 32, 2007 WL 1875914, 1 (4th Cir. 2007).

On August 5, 2008, Petitioner filed yet another petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina, claiming that he was actually innocent of the crime for which he was convicted in the Middle District of Tennessee and was also innocent of the crime that was listed in the pre-sentence report that he claims was the basis for his enhanced sentence.  *Mauldin v. Johns*, No. 5:08-HC-2115-D (E.D.N.C. October 10, 2008).  Mr. Mauldin also filed a motion to transfer his case.  The district court entered an order on October 10, 2008, dismissing the § 2241 petition without prejudice, and denying the motion to transfer as moot.

The district court held that Petitioner had not established that relief under § 2255 was inadequate or submitted new evidence of actual innocence.  The district court also

4

found that Petitioner had filed a prior § 2241 petition in the Eastern District of North Carolina alleging his sentence was unlawful because of alleged misinformation in his pre-sentence report.  Mr. Mauldin appealed the district court's order to the Fourth Circuit Court of Appeals, Case No. 08-8363, which dismissed the appeal on January 9, 2009, for failure to prosecute.

In addition, from April, 1996 to August, 2003, Mr. Mauldin filed five petitions under 28 U.S.C. § 2255 in the Middle District of Tennessee.  The Sixth Circuit twice denied a motion for a certificate of appealability.  Petitioner filed a motion with the Sixth Circuit in January of 2006, for permission to file a successive § 2255 petition, which was denied.

Petitioner filed another motion with the Sixth Circuit in September of 2007, seeking permission to file a successive § 2255 petition in the Middle District of Tennessee and at the same time filed a motion to submit newly received state-court records.  The Sixth Circuit granted his motion to submit the state-court records, and denied his motion for permission to file a successive § 2255 motion to vacate his sentence.  Mr. Mauldin received a letter dated May 7, 2008, from the Sixth Circuit explaining the Court's April 21, 2008 order.  Relying on the Sixth Circuit's authorization to submit state-court records to the district court, on July 9, 2008, Mr. Mauldin filed a § 2255 petition in the Middle District of Tennessee, Case No. 1:08CV00038.  The court granted Petitioner's motion for appointment of counsel, and the case is still pending.

In December 2008, Mr. Mauldin filed a petition in this Court under 28 U.S.C. § 2241.  *Mauldin v. Outlaw et al.*, No. 2:08cv00213-BD (filed December 11, 2008).  In his 2008 petition, Petitioner claimed that his convictions were based on a "fraud upon the court" because of false information in his pre-sentence report.  Petitioner also claimed that "no-one [sic] had exclusive authorize [sic] jurisdiction to charge, convict, and sentence the Petition [sic] which makes current cause of incarceration void and of no legal force or effect."  (No. 2:08cv00213, docket entry #18 at p. 3)  He further claimed that he had been denied the right to be heard and to present his § 2241 petitions.  Finally, Petitioner requested that his case in the Eastern District of North Carolina, Case No. #5:08-HC-2115-D, be transferred to this court, and that his appeal to the Fourth Circuit, Case No. 08-8363, be stayed since he was incarcerated within the Eastern District of Arkansas.[1]  In an order dated August 14, 2009, this Court dismissed Petitioner's habeas corpus petition without prejudice for lack of jurisdiction.  (No. 2:08cv00213, docket entry #43)

On March 8, 2010, Mr. Maudlin filed another petition in this Court under 28 U.S.C. § 2241.  *Mauldin v. Does*, No. 2:10cv00032-BSM-BD (dismissed June 4, 2010).  In that petition, Petitioner again claimed that his convictions were the result of fraud upon the court.  In an Order dated June 4, 2010, this Court dismissed Petitioner's habeas corpus

---

[1]As explained above, the District Court for the Eastern District of North Carolina entered an order dismissing his § 2241 petition and denying his motion for transfer before Petitioner filed his 2008 § 2241 petition in the Eastern District of Arkansas.

6

petition without prejudice for lack of jurisdiction.  (No. 2:10cv00032, docket entry #8)

Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals, where the appeal

is now pending.

IV.     **Discussion**

A federal habeas corpus petition is required to "specify all the grounds for relief

available to the petitioner" and "state the facts supporting each ground."  See Rule 2(c) of

the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v.*

*Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005).  "'If it plainly appears from the

petition [and any attached exhibits] that the petitioner is not entitled to relief in the district

court, the court must summarily dismiss the petition without ordering a responsive

pleading." *Mayle v. Felix*, 125 U.S. at 656 (quoting Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts).  Rules 2 and 4 of the Rules

Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b).

*Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations

omitted).  To avoid summary dismissal, a petitioner must state facts that support each

ground for relief claimed.  *Mayle v. Felix*, 125 U.S. at 655 (citing Advisory Committee's

Note on Habeas Corpus Rule 4).

The Court has reviewed Petitioner's latest petition and, as far as can be discerned,

Petitioner claims:  (1) the United States abducted Petitioner in 1995 without first proving

that he had violated any state laws; (2) the United States is unlawfully imprisoning

Petitioner in violation of the Constitution; and (3) the United States lacked subject matter jurisdiction to convict him.

A.      *Petitioner's Challenge to His Current Sentence*

A challenge to the validity of a federal sentence must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999).  In the instant petition, Petitioner appears to claim that the sentencing court lacked subject matter jurisdiction to convict him and now various government officials are conspiring to keep him falsely imprisoned.  These claims attack the validity of Petitioner's sentence and must be brought in the district of the sentencing court through a 28 U.S.C. § 2255 petition.

Petitioner currently has a motion to vacate under 28 U.S.C. § 2255 pending in the United States District Court for the Middle District of Tennessee, Case No. 1:08cv00038. Consequently, Petitioner cannot establish that relief under § 2255 is inadequate or unavailable so as to permit him to pursue a § 2241 habeas claim, as required by 28 U.S.C. § 2255(e).

B.      *Petitioner's Other Claims*

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and  . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Habeas is the appropriate

8

remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id.* at 489.  On the other hand, "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004).  A federal prisoner may raise a challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

In some of his claims, Petitioner appears to challenge the legality of his confinement.  He brings these claims "in the public interest."  Instead of seeking a change in the duration of his sentence, Petitioner appears to seek money damages and a show cause or settlement hearing.  This Court cannot address these claims in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, and it cannot grant the relief Petitioner seeks.[2]

Accordingly, this Court recommends that the District Court summarily dismiss the petition for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

---

[2] If Petitioner wishes to challenge the conditions of his confinement, he must do so in a separate *Bivens* action which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee of $350 rather than the $5 filing fee for habeas petitions.  A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).

V.      **Conclusion**

The Court recommends that the District Court dismiss Alfred Lee Mauldin's

habeas corpus petition (#1), without prejudice, for lack of jurisdiction under Rule 4 of the

Rules Governing Section 2254 Cases.

IT IS SO ORDERED this 22nd day of September, 2010.

_____

UNITED STATES MAGISTRATE JUDGE